UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>        v.<br>JAVIER ROSALES,<br>    Defendant. | Case No. 17-cr-00376-SI-1<br><br>**FINAL PRETRIAL SCHEDULING ORDER** |

On December 12, 2017 and December 13, 2017, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning December 18, 2017. All parties were represented by counsel. The following matters were resolved:

**1.** **Trial schedule:** The parties expect that the case will take 3 days to complete. The Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on Fridays). The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at noon and a 15 minute break at 1:45 p.m., all times approximate.

**2.** **Number of jurors and challenges:** There will be a jury of twelve members, plus 1 alternate juror. The government shall have six peremptory challenges, the defendant shall have ten peremptory challenges.

**3.** **Voir dire:** The Court will conduct general voir dire, including various of the questions requested by counsel in their proposed additional voir dire filings. Counsel for each side shall have up to 20 minutes total to question the panel. The parties are directed to meet and confer

concerning a neutral, non-argumentative statement of the case which can be read to the jury panel at the beginning of the voir dire process; this statement shall be provided to the Court **by Friday, December 15, 2017.**

**4. Jury instructions:** The Court received proposed jury instructions from the government and from defendant. The Court will review same and undertake to inform counsel prior to December 20, 2017 which substantive instructions will be given.

**5. Trial exhibits:** No later than Friday, December 15, 2017, the plaintiff shall submit its trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The Court shall be provided with three sets (the originals for the file, one set for the Court and one set for the witnesses) and the defendant with one set.

**6. Motions in limine:**

The parties filed 20 motions in limine. However, after defendant's determination not to assert an entrapment defense, several of the disputes were obviated. The Court ruled as follows: ATF S/A Timbang may testify to the characteristics of the firearm at issue, although he may not opine on the ultimate question of its illegality or on the obviousness of its structure. The government believes it has provided all relevant exhibits in its possession and shall immediately provide to the defense any other documents or exhibits it obtains. No FRE 404(b) evidence will be presented. The audio and video of the transaction at issue will be edited as outlined during the hearing, and the parties shall meet and confer concerning the accuracy of the written transcript. The CI will not be called by either side. Unless defendant testifies, no evidence of his absconding pretrial will be allowed. No testifying witnesses have grand jury transcripts. The indictment will not be provided to the jury. All witnesses except Michael Portman, S/A Garza and any expert witnesses will be excluded from trial. No party shall reference defendant's potential punishment in front of jury. Neither side shall reference in opening statements anything that party does not reasonably anticipate will be supported by evidence at trial.

**7.     Other matters**: Defense counsel shall provide defendant with street clothes every day. The Marshal Service shall cooperate in this endeavor.

Dated: December 14, 2017

_____
SUSAN ILLSTON
United States District Judge